Cake, J.
The simple question is, Whether the deed of trust conveying all Pennock’s estate, real and personal, in Virginia or elsewhere, comprehended his claim on the government of Spain, for spoliations committed on his property by her vessels, and retained under unjust decisions of her courts ? That the deed does pass this claim, I can have no shadow of doubt. I have no idea of a right or interest vested in a man, which would not pass under a conveyance of all his real and personal estate, more especially when we consider, that this was the deed of an insolvent debtor, conveying and assigning his effects, for the payment of his debts, so far as the fund would go, and obtaining for such conveyance, a complete release from his creditors. This opinion is intirely supported by the decision of the supreme court in Comegys v. Vasse. That was a case under the bankrupt law, which conveyed to the assignees, “ all the estate real and personal, of every nature and description, to which the bankrupt may be entitled either in law or equity;” words not a whit more comprehensive than those used in this deed. Upon those words of the bankrupt law, judge Story, delivering the opinion of the court, says, they “ are very general and comprehensive”—“ broad enough to cover every description of right and interest attached to and grow *718 ing out of property. Under such words, the whole property of a testator would pass to his devisee. Whatever the administrator would take, in case of intestacy, would seem capable of passing by such words.”
^ am) therefore, for reversing the decree, and remanding the cause, with a declaration, that PennocWs claims on the Spanish government passed by the deed of trust to the trustee, for the purposes of the trust; that, therefore, the appellee is liable to the appellants, for the money he has received on account of those claims, or for so much thereof as shall be necessary to discharge and satisfy the debts due to the creditors entitled to the benefit of the trust fund, with interést on such debts; and that, if there shall be any residue remaining after those debts shall be fully discharged and satisfied, such residue shall be considered as assets in the hands of the appellee, to be applied in due course of administration.
The other judges concurred. Decree reversed.